**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**CINCINNATI DIVISION**

| | | |
|---|---|---|
| MICHAEL R. BOYCE, on behalf of himself And all others similarly situated, | : : : | CASE NO.: 1:22-cv-146 |
| Plaintiffs, | : : | |
| v. | : : | JUDGE: _____ |
| NC WORKS, INC., | : : | |
| Defendant. | : | **JURY DEMANDED** |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

This is an action brought by Michael R. Boyce ("Named Plaintiff") on behalf of himself and all current and former non-exempt employees (hereinafter "the Putative Class Members") (Named Plaintiff and the Putative Class Members will be collectively referred to as "Plaintiffs")who worked for NC Works, LLC  ("Defendant") at any time from March 22,  2019 through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 203, 206, 207, and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 216(b). Plaintiffs seek all available relief under the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 et seq., ("the Ohio Wage Act"), and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be collectively referred to as the "Ohio Acts").

Plaintiffs' FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while their additional state-law claims are asserted as a collective action under Fed. R. Civ. P. 23(b)(3) and 23(c)(4).  The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.   JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

2.      This Court has supplemental jurisdiction over Plaintiffs' Ohio Acts claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Plaintiffs' claims under the FLSA that they form part of the same controversy.

3.      Venue in the Southern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the unlawful conduct described herein occurred within Warren County, Ohio, and Defendant's principal place of business is located in this district.

## II.   THE PARTIES

4.      Named Plaintiff is an adult resident of Middletown, Ohio residing at 3112 Seneca Street, Middletown, Ohio 45044 (Butler County) and a current "floater" employed by Defendant in its manufacturing plant to run machines that produce the various materials that Defendant manufactures, namely non-woven material for automotive interiors, on an as-needed basis.

5.      Defendant is a domestic corporation for-profit currently doing business at 3500 Commerce Center Drive, Franklin, Ohio 45005 (Warren County). Process may be served upon its registered agent, FBT Ohio, Inc. at 3300 Great America Tower, 301 East Fourth Street, Cincinnati, Ohio 45202.

## III.   STATEMENT OF FACTS

6.      During all times material to this complaint, Defendant acted directly or indirectly, in the interest of an employer with respect to the Plaintiffs.

7.      During all times material to this complaint, Defendant was an "employer" within the meaning of the FLSA and the Ohio Acts.

8.      During all times material to this complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of

-- 2 --

the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

9.      During all times material to this complaint, Plaintiffs are and were Defendant's employees pursuant to the FLSA and the Ohio Acts and were employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

10.      As a matter of economic reality, Defendant employed and currently employs Plaintiffs at its facility located at 3500 Commerce Center Drive, Franklin, Ohio 45005 (the "Facility").

11.      On or around approximately May 22, 2017, Defendant hired Named Plaintiff to work as a "floater" at its manufacturing plant, the Facility.

12.      Upon information and belief and during all times material to this Complaint, Defendant was a manufacturer that both manufactures and sells various automobile interior materials, namely non-woven materials.

13.      Defendant operates out of its principal place of business located at 3500 Commerce Center Drive, Franklin, Ohio 45005

14.      As a "floater" employed by Defendant, Named Plaintiff's primary job duties were and are to monitor and run the various machines in Defendant's Facility that produce the various materials that Defendant manufactures, namely non-woven material for automotive interiors, on an as-needed basis.

15.      Defendant employed Named Plaintiff to work primarily during third (3rd) shift (11:00 p.m. – 7:00 a.m.).

16.     Upon information and belief, Defendant compensates Named Plaintiff at an hourly rate of $17.55 per hour.

17.     Named Plaintiff is a non-exempt employee, as that term is defined in the FLSA and the Ohio Wage Act, who regularly worked five (5) days per week and in excess of forty (40) hours per workweek.

18.     Defendant incorrectly calculated Named Plaintiff's overtime rate for his hours worked in excess of forty (40) hours in a workweek because Defendant failed to incorporate non-discretionary bonuses Defendant paid to Named Plaintiff into his regular rate during the applicable workweeks.

19.     As a result of this failure to incorporate various non-discretionary bonuses into the determination of Named Plaintiff's regular rate for purposes of calculating his overtime rate for all hours worked in excess of forty (40) in a given workweek, Named Plaintiff was deprived of duly earned overtime pay at the proper overtime rate.

20.     Indeed, Defendant would only pay Named Plaintiff at one-and-one-half times his base hourly rate for all hours worked in excess of forty (40) in a workweek, failing to incorporate the enhancing effects the non-discretionary bonuses have on his regular rate for purposes of calculating his overtime pay.

**IV.     Collective Action Allegations**

21.     Named Plaintiff brings this action as a Collective action pursuant to 29 U.S.C. § 216(b).

22.     Named Plaintiff's consent for to participate in this collective action as a Party Plaintiff is attached to this Complaint as **Exhibit A**.

23.     Defendant had a companywide policy to not incorporate non-discretionary bonuses into hourly, non-exempt employees' regular rate when it paid them overtime.

24.     The collective action is defined as follows:

All non-exempt individuals employed by Defendant in the last three (3) years who were paid hourly, worked more than forty (40) hours in a workweek and received bonuses. ("FLSA Collective Action Members").

25. Named Plaintiff is similarly situated to the potential FLSA Collective Action Members because they were paid by the same companywide method to not incorporate non-discretionary bonuses into their regular rate when Defendant paid them overtime.

26. On information and belief, in the last three (3) years, Defendant has employed at least 100 individuals who fit the collective action definition.

27. 54. Defendant has names and addresses for potential FLSA Collective Action Members in its payroll or personnel records.

28. 55. Defendant has email addresses for potential FLSA Collective Action Members in its payroll or personnel records.

29. 56. Defendant has phone numbers for potential FLSA Collective Action Members in its payroll or personnel records.

30. Defendant, knowingly, willfully, or without a good faith basis carried out its illegal pattern or practice of failing to pay overtime wages using the correct regular rate with respect to the Named Plaintiff and the FLSA Collective Action Members.

## V. CLASS ACTION ALLEGATIONS

31. Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following state law sub-class:

All non-exempt individuals employed by Defendant in the last three years who were paid hourly, worked more than forty (40) hours in a workweek and received bonuses. ("the Ohio Rule 23 Class Members").

32. The Ohio Rule 23 Class has more than 40 members.

33. As a result, the Ohio Rule 23 Class is so numerous that joinder of all members is not practical.

34.     There are questions of law or fact common to the Ohio Rule 23 Class, including (1) whether the Class primarily performed non-exempt work; (2)whether the class worked more than forty (40 ) hours in a workweek; (3) whether Defendant violated the Ohio Wage Act by failing to incorporate non-discretionary bonuses into the Ohio Rule 23 Class' regular rate when Defendant paid them overtime; (4) the proper measure of damages if Defendant improperly paid the Ohio Rule 23 Class overtime pursuant to the Ohio Wage Act, (5) whether Defendant violated the OPPA by improperly paying the Ohio Rule 23 Class overtime, and (5) the proper measure of damages if Defendant refused to pay the Ohio Rule 23 Class their wages within thirty (30) days of performing the work.

35.     Named Plaintiff's overtime claims are typical of those of the Ohio Rule 23 Class because they arise out of Defendant's companywide compensation practices.

36.     Defendant's defenses to Named Plaintiff's Ohio Wage Act claims are typical of their defenses to those of the Ohio Rule 23 Class because they are grounded in the same companywide compensation practices.

37.     Named Plaintiff can fairly and adequately protect the interests of the Ohio Rule 23 Class because he is asserting the same claims as the Ohio Rule 23 Class.

38.     Named Plaintiff can fairly and adequately protect the interests of the Ohio Rule 23 Class because he has no interests adverse to the Class.

39.     Named Plaintiff can fairly and adequately protect the interests of the Ohio Rule 23 Class because he has retained counsel experienced in class action employment litigation.

40.     The common questions of law and fact predominate over the variations which may exist between members of the Ohio Rule 23 Class, if any.

41.     Named Plaintiff and the members of the Ohio Rule 23 Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

42.     If individual actions were required to be brought by each member of the Ohio Rule Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as to the Defendant.

43.     Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Ohio Rule 23 Class is entitled.

44.     The books and records of Defendant are material to the Ohio Rule 23 Class's claims because they disclose the hours worked by each member of the Ohio Rule 23 Class and the rate of pay for that work.

**VI.     CAUSES OF ACTION**

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (FLSA COLLECTIVE ACTION)

45.     Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

46.     During the time period from approximately March 22, 2019 to the present, Defendant was and is Named Plaintiff's  and the FLSA Collective Action Members' "employer" within the meaning of 29 U.S.C. § 203(d).

47.     During the time period from approximately March 22, 2019 to the present, Named Plaintiff and the FLSA Collective Action Members were and are employed by Defendant within the meaning of 29 U.S.C. § 203(e)(1).

48.     During the time period from approximately March 22, 2019 to the present, Defendant employed Named Plaintiff and the FLSA Collective Action Members within the meaning of 29 U.S.C. § 203(g).

49.     During the time period from approximately March 22, 2019 to the present, Defendant was an employer subject to the FLSA.

50.     During all times material to this Complaint, Named Plaintiff and the FLSA Collective Action Members are not and were not exempt from receiving overtime benefits under the FLSA because, *inter alia*, they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA.  *See* 29 C.F.R. §§ 541.0, *et seq.*

51.     Defendant, as described above, violated the FLSA, 29 U.S.C. § 207, by failing to pay Named Plaintiff and the FLSA Collective Action Members at the appropriate overtime rate for all hours worked in excess of forty (40) per workweek.

52.     Named Plaintiff and the FLSA Collective Action Members should have been paid the correct overtime rate for all hours worked in excess of forty hours per workweek during the three years from the filing date of the Complaint.

53.     At all times material to this Complaint, Defendant regularly employed Named Plaintiff and the FLSA Collective Action Members to work more than forty (40) hours in a workweek.

54.     At all times material to this Complaint, Named Plaintiff and the FLSA Collective Action Members did not receive one and one-half times their regular rate for all hours worked in excess of forty (40) in a workweek.

55.     At all times material to this Complaint, Defendant violated the FLSA by repeatedly failing to pay Named Plaintiff and the FLSA Collective Action Members the legally mandated overtime premium rate at no less than one and one-half their regular pay rate for all hours worked in excess of forty (40) in a workweek.

56.     Defendant knew or should have known of the overtime payment requirements of the FLSA and as such Defendant willfully and without a good faith basis failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Action Members were entitled.

57.     Defendant willfully violated and continues to willfully violate the FLSA, by having engaged and continuing to engage in conduct, which demonstrates a willful and/or reckless disregard for the provisions of the FLSA.

**COUNT II**
**OHIO WAGE ACT – FAILURE TO PAY CORRECT OVERTIME WAGES**
**AND**
**OPPA – FAILURE TO PAY WAGES TIMELY**
**(OHIO RULE 23 CLASS ACTION)**

58.     Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

59.     The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* O.R.C. §§ 4111, *et seq.*; *see also* 29 U.S.C. § 206(b).

60.     The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) hours in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

61.     At all times relevant to this Complaint, Defendant was an "employer" covered by the Ohio Wage Act and the OPPA; and has been thus required to comply with those mandates.

62.     At all times relevant to this Complaint, Named Plaintiff and the Ohio Rule 23 Class were covered "employees" of Defendant's pursuant to the Ohio Wage Act and the OPPA; and thus entitled to the Ohio Acts' protections.

63.     Named Plaintiff and the Ohio Rule 23 Class were not exempt from receiving overtime because they were not "executive," "administrative," "professional," "outside sales," or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* 29 C.F.R. §§ 541.0 *et seq.*

64.     At all times relevant to this Complaint, Defendant violated the Ohio Wage Act by repeatedly failing to compensate Named Plaintiff and the Ohio Rule 23 Class for all hours worked at the appropriate pay rate, including Defendant's repeated action of refusing to compensate Named Plaintiff and the Ohio Rule 23 Class for all hours worked over forty (40) hours in a workweek at a rate not less than one and one-half times their regular rate.

65.     In violating the Ohio Wage Act, Defendant's acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

66.     Named Plaintiff and the Ohio Rule 23 Class are entitled to unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available as compensation for Defendant's violations of O.R.C. § 4111.03, by which Plaintiff has suffered and continues to suffer damages.

67.     The OPPA requires that Defendant pay Named Plaintiff and the Ohio Rule 23 Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month. See O.R.C. § 4113.

68.     The OPPA count arises from Defendant's failure to pay Named Plaintiff and the Ohio Rule 23 Class all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. See O.R.C. §4113.15(B)

69.     Named Plaintiff's and the Ohio Rule 23 Class' unpaid overtime wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

70.     Defendant's failure to pay Plaintiff and other similarly situated Ohio Rule 23 Class members one and one-half times their regular rate for all hours worked over 40 hours in a workweek and more than thirty (30) days beyond their regularly scheduled payday was willful.

71.     Named Plaintiff and the Ohio Rule 23 Class are entitled to six percent (6%) of the unpaid overtime wages or a minimum of $200.00 for violations of the OPPA and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiff, on behalf of himself and the FLSA Collective Action Members prays that this Court enter the following relief:

A.      An order certifying a collective action pursuant to 29 USC § 216 (b) for the FLSA Collective Action Members;

B       An order awarding all unpaid overtime wages owed to Named Plaintiff and the FLSA Collective Action Members for three (3) years preceding the filing of this Complaint to the present, plus an additional equal amount in liquidated damages;

C.      Prejudgment and post-judgment interest;

D.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E.      Such other relief as this Court deems appropriate.

WHEREFORE, Named Plaintiff, on behalf of himself and the Ohio Rule 23 Class prays that this Court enter the following relief:

A.      An order certifying an Ohio Class pursuant to Fed. R. Civ. P. 23;

B       An order awarding all unpaid overtime wages owed to Named Plaintiff and the Ohio Rule 23 Class for three (3) years preceding the filing of this Complaint to the present;

C.      Prejudgment and post-judgment interest;

D.      Liquidated damages for the Named Plaintiff and each of the Ohio Rule 23 Class Members pursuant to the OPPA equal to six percent (6%) of the unpaid wages or $200, whichever is the greater;

E.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

F.      Such other relief as this Court deems appropriate.

Dated: March 22, 2022.                                  Respectfully Submitted,


                                        */s/Robert E. DeRose*
                                        Robert E. DeRose (OH Bar No. 0055214)
                                        Brian R. Noethlich (OH Bar No. 0086933)
                                        **BARKAN MEIZLISH DEROSE COX, LLP**
                                        4200 Regent Street, Suite 210
                                        Columbus, OH 43219
                                        Phone: (614) 221-4221
                                        Facsimile: (614) 744-2300
                                        bderose@barkanmeizlish.com
                                        bnoethlich@barkanmeizlish.com

                                        *Counsel for Plaintiff*


## JURY DEMAND

Plaintiffs request a trial by jury on all of their claims.

                                        /s/*Robert E. DeRose*